

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2018 SEP 26  A 8: 55

WILLIAM W. BLEVINS
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BILL OF INFORMATION FOR CONSPIRACY TO COMMIT
SEX TRAFFICKING OF A CHILD AND NOTICE OF FORFEITURE**



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 18 - 203 |
| v. | * | SECTION: SECT. R MAG. 3 |
| **PASCAL CALOGERO, III** | * | VIOLATIONS: 18 U.S.C. § 1591(a) |
| | * | 18 U.S.C. § 1594(c) |
| | * | |
| | * | |
| | * | |

\*   \*   \*

The United States Attorney charges that:

### COUNT 1

**A.   AT ALL TIMES MATERIAL HEREIN:**

1.   Minor Victim was a juvenile female who was born in about September 2002, and who resided in Metairie, Louisiana.

2.   The defendant, **PASCAL CALOGERO, III ("CALOGERO")**, was an adult male who resided in Metairie, Louisiana.

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

B.  **THE CONSPIRACY:**

Beginning at a date unknown, but not later than May 9, 2017, and continuing until not earlier than about June 5, 2017, within the Eastern District of Louisiana and elsewhere, the defendant, **PASCAL CALOGERO, III**, and others known and unknown to the U.S. Attorney, did combine, conspire, confederate, and agree to knowingly recruit, entice, transport, harbor, provide, obtain, and maintain by any means, a person, that is, Minor Victim, a 14-year-old female in and affecting interstate commerce, knowing and in reckless disregard of the fact that Minor Victim had not attained the age of 18 years and that Minor Victim would be caused to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1).

C.  **OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY:**

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, **CALOGERO** and others, committed various overt acts within the Eastern District of Louisiana and elsewhere, including, but not limited to, the following:

1. On about May 9, 2017, J.B. met Minor Victim in New Orleans, Louisiana. Shortly after their meeting, J.B. recruited Minor Victim to begin working for J.B. as a prostitute. As part of his recruitment process, J.B. represented that Minor Victim would earn $1,000 per day. J.B. required Minor Victim to turn over all, or most, of the money she earned from prostitution to him.

2. Beginning not earlier than May 9, 2017, J.B, created advertisements on online classified advertisement services commonly used to advertise sexual services in exchange for money, through which J.B. received telephone calls and text messages inquiring about, scheduling, and arranging prostitution dates with Minor Victim. J.B. scheduled the time, location, and other logistics of prostitution dates with Minor Victim.

3. As part of his business, J.B. directed Minor Victim to operate on an "in call" basis, meaning that a customer would meet Minor Victim at a hotel rented and paid for by J.B. in which Minor Victim would stay and engage in prostitution activities.

4. As part of his business, J.B. also directed Minor Victim to operate on an "out call" basis, meaning that Minor Victim would travel to a location of the customer's choosing, typically his residence or hotel room, in which Minor Victim would stay and engage in prostitution activities. When J.B. scheduled an "out call" prostitution date for Minor Victim, J.B. would typically arrange transportation, accompany Minor Victim to the location of the prostitution date, and wait nearby while the date took place.

5. J.B. created advertisements on an online classified ad service commonly used to advertise sexual services in exchange for money, through which J.B received telephone calls and text messages inquiring about, scheduling, and arranging prostitution calls with Minor Victim.

6. Between not later than May 16, 2017, and continuing until not earlier than about May 22, 2017, J.B. transmitted sexually explicit photographs of Minor Victim to **CALOGERO** via email and text message for the purpose of offering and encouraging **CALOGERO** to arrange a prostitution date with Minor Victim.

7. On multiple occasions, including on May 13, 2017, May 18, 2017, and May 20, 2017, **CALOGERO** arranged with J.B. to engage in prostitution dates with Minor Victim. For each date, **CALOGERO** agreed to pay not less than $120 to engage in vaginal and oral sex with Minor Victim.

8. On or about May 18, 2017, at J.B.'s request, **CALOGERO** agreed to transport, and did in fact transport, Minor Victim to and from a prostitution date with another male at a hotel located on O'Keefe Street in New Orleans, Louisiana.

9.     Beginning not later than May 15, 2017, and continuing until not earlier than June 5, 2017, **CALOGERO** attempted to facilitate the prostitution of Minor Victim to multiple adult men. Specifically, **CALOGERO** advertised Minor Victim by transmitting sexually explicit pictures of her to adult men via text message. He then negotiated prices and arranged the times and locations of the prostitution dates with Minor Victim. On about May 20, 2017, **CALOGERO** provided his residence as the location of a prostitution date he arranged for Minor Victim with an adult male.

All in violation of Title 18, United States Code, Section 1594(c).

## NOTICE OF FORFEITURE FOR SEX TRAFFICKING OF CHILDREN

1. The allegations of Count 1 of this Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 1594(d).

2. As a result of the offenses alleged in Count 1, **PASCAL CALOGERO, III** shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count 1 of this Bill of Information.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 1594(d).

PETER G. STRASSER<br>
UNITED STATES ATTORNEY<br>
<br>
JORDAN GINSBERG<br>
Assistant United States Attorney<br>
Illinois Bar No. 6282956

New Orleans, Louisiana
September 26, 2018

No. _____

# United States District Court

**FOR THE**

EASTERN DISTRICT OF LOUISIANA

---

UNITED STATES OF AMERICA

vs.

PASCAL CALOGERO, III

---

**BILL OF INFORMATION FOR CONSPIRACY TO COMMIT SEX TRAFFICKING OF A CHILD AND NOTICE OF FORFEITURE**

Violation(s):   18 U.S.C. § 1591(a)
                18 U.S.C. § 1594(c)

---

Filed _____, 20 18 _____, Clerk.

By _____, Deputy

_/s/ Jordan Ginsberg_
*Assistant United States Attorney*
JORDAN GINSBERG