UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-203 |
| PASCAL CALOGERO, III | SECTION "R" (3) |

## ORDER AND REASONS

The Court has received defendant Pascal Calogero's motion styled as a motion for compassionate release.[1] The government opposes the motion.[2]

### I.   BACKGROUND

On August 7, 2019, the Court sentenced Calogero to 121 months' imprisonment for conspiracy to commit sex trafficking of a child.[3] Specifically, Calogero had sex with a minor victim,[4] advertised her availability by sending explicit photographs of her to other men,[5] and arranged for others to have sex with her.[6] The Court ordered defendant to

---

[1]   R. Doc. 82.
[2]   R. Doc. 86.
[3]   *See* R. Doc. 54 at 1-2.
[4]   *See* R. Doc. 40 at 6 ¶ 18.
[5]   *See id.* at 7 ¶ 19.
[6]   *See id.*

surrender by October 7, 2019.[7] The Court twice extended Calogero's surrender date as a result of nonemergency surgeries he underwent to his shoulder and his hip,[8] allowing him until February 4, 2020, to surrender.[9] Calogero is currently housed at FMC Fort Worth.[10] Caolgero previously sought compassionate release on account of COVID-19.[11] This Court denied his motion, finding that compassionate release was not appropriate.[12] Calogero now submits letter he styles as a motion for "compassionate release."[13] In his letter Calogero lists multiple grievances with his attorney and states he aims to provide context on the events leading up to his conviction.[14]

---

[7]  *See* R. Doc. 54 at 2.
[8]  *See* R. Doc. 56 at 2; R. Doc. 57 at 1-2; R. Doc. 60 at 2; R. Doc. 61 at 1-2.
[9]  *See* R. Doc. 61 at 2.
[10] *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Aug. 25, 2025).
[11] *See* R. Doc. 67 at 1.
[12] R. Doc. 74.
[13] R. Doc. 82.
[14] To the extent that the letter is an application for post-conviction relief under 28 U.S.C. § 2255, it fails. As the parties recognize, such a motion is untimely. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").

## II. LAW AND ANALYSIS

The Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that Calogero has not satisfied the exhaustion requirement for compassionate release. Calogero provides no evidence to show that he made any request to BOP seeking release. Based on this alone, the Court is required to deny the motion for compassionate release. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that exhaustion is non-jurisdictional, but mandatory).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __2nd__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3