UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-203 |
| PASCAL CALOGERO | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Pascal Calogero's motion for reconsideration of this Court's order denying his previous motion for compassionate release.[1] The Government opposes the motion.[2]

On August 7, 2019, the Court sentenced Calogero to 121 months' imprisonment for conspiracy to commit sex trafficking of a child.[3] Specifically, Calogero had sex with a minor victim,[4] advertised her availability by sending explicit photographs of her to other men,[5] and arranged for others to have sex with her.[6] The Court ordered defendant to surrender by October 7, 2019.[7] The Court twice extended Calogero's

---

[1]  R. Doc. 91.
[2]  R. Doc. 93.
[3]  *See* R. Doc. 54 at 1-2.
[4]  *See* R. Doc. 40 at 6 ¶ 18.
[5]  *See id.* at 7 ¶ 19.
[6]  *See id.*
[7]  *See* R. Doc. 54 at 2.

surrender date for medical reasons,[8] allowing him until February 4, 2020, to surrender.[9]

Calogero now urges the Court to reconsider its denial of his earlier motion for compassionate release on the grounds that he has now submitted a letter[10] showing that the warden denied his Compassionate Release/Reduction in Sentence in August 2025. The Court's earlier order denied Calogero's motion based on a finding that defendant had not fully exhausted available administrative remedies.[11] The letter from the warden Calogero now submits still does not establish that he has satisfied the exhaustion requirement.

The letter denying Calogero's request states that he could "commence an appeal . . . within 20 calendar days of [] receipt."[12] Calogero does not say whether he appealed the warden's decision. When, as here, a defendant has additional, unexercised steps available to him in the Bureau of Prisons' administrative process, he has not fully exhausted all administrative rights to appeal. *See e.g., United States v. Rodriguez*, 2020 WL 5369400, at *2-3 (E.D. La. Sept. 8, 2020) (citing several Fifth Circuit district court cases

---

8     *See* R. Doc. 57 at 1-2; R. Doc. 61 at 1-2.
9     *See* R. Doc. 61 at 2.
10    R. Doc. 89.
11    R. Doc. 88.
12    *See* R. Doc. 89.

requiring defendant to appeal the decision by the warden).  For this reason, Calogero's request for compassionate release must be denied.  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that exhaustion is non-jurisdictional, but mandatory).

Even if Calogero satisfied the exhaustion requirement, the Court finds that he has not presented "extraordinary and compelling reasons" for a sentencing reduction.  Defendant primarily argues that the factual basis he signed provided an "unfair narrative," that he regrets his guilty plea, and had an ineffective attorney.  These grounds do not fit within the extraordinary and compelling reasons enumerated by the Sentencing Commission.  *See, e.g., United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (holding that claims that "are the province of a direct appeal or a § 2255 motion" are not cognizable under § 3582(c)).

Defendant additionally asserts that he suffers from multiple medical issues—specifically that he has had episodes of pulmonary embolism; has a dysfunctional bladder; requires prostate, knee, and hip replacement surgery; presently utilizes a walker to walk; and will eventually require catheterization to drain his bladder.  Calogero attaches no medical records but even assuming that he is experiencing all alleged medical conditions, the Court finds that defendant has not established that his health conditions rise to the

level of "extraordinary," or that the facility at which he is incarcerated is unable to manage his health needs. Indeed, the warden's letter denying Calogero's request states that, per Calogero's treatment team, he is "able to independently complete all instrumental activities of daily living and successfully function in a compound housing unit."[13] The Court thus finds that compassionate release is not warranted on the basis of defendant's health concerns. *See, e.g.*, *United States v. Pullins*, 2025 WL 1373681, at *2-3 (M.D. La. May 12, 2025) (holding that compassionate release is generally not justified when a defendant's "maladies are common and treatable" and there is nothing to suggest the defendant is unable to care for himself in the correctional setting).

Moreover, Calogero's age alone does not provide an "extraordinary and compelling" reason for compassionate release. The United States Sentencing Guideline 1B1.13(b)(2) clarifies that such reasons exist as to a defendant's age when:

> The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

---

[13] *See* R. Doc. 89.

4

Here, although Calogero is 66 years old, there is no indication that he is experiencing a serious deterioration in his physical or mental health. As mentioned above, Calogero's treatment team is of the opinion that he is "able to independently complete all instrumental activities of daily living and successfully function in a compound housing unit."[14] Further, he has not served 10 years or 75% of his sentence. Calogero began serving his 121-month sentence in February 2020. He has thus served 70 months which is less than 75% of his sentence.

    For the foregoing reasons, the Court DENIES defendant's motion for reconsideration of its earlier denial of his motion for compassionate release. Defendant has not met the conditions required for compassionate release.

    New Orleans, Louisiana, this __12th__ day of December, 2025.

_____<br>
SARAH S. VANCE<br>
UNITED STATES DISTRICT JUDGE

---

[14] *See* R. Doc. 89.